```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

STEVEN WILCOXSON,

           Plaintiff,

vs.                          Case No.  2:05-cv-172-FtM-29DNF

OMNI INSURANCE COMPANY, a foreign for-profit corporation, HECTOR NAREZ,

           Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Hector Narez's Motion for Remand to State Court (Doc. #13), filed on April 27, 2005, and plaintiff's Motion to Remand (Doc. #23), filed on May 6, 2005. Defendant Omni Insurance Company filed Oppositions (Docs. #26, #30) to both motions.

**I.**

On January 13, 1998, Steven Wilcoxson (Wilcoxson or plaintiff) shot defendant Hector Narez (Narez) twice and stole his car. Plaintiff was convicted of attempted murder, armed carjacking, and armed robbery on September 27, 1999, and is currently serving three concurrent 15-year prison sentences. (Doc. #30, p. 2). In May 2000, Narez sued Wilcoxson and his mother and step-father for civil damages. The mother and step-father were eventually dropped as party-defendants and summary judgment was granted in favor of

Narez. An arbitrator found that Narez was entitled to $15 million in compensatory damages and $25 million in punitive damages. Final judgment was entered against Wilcoxson, who did not appeal. (Id. at pp. 2-3).

The current two-count Complaint (Doc. #2) was originally filed in Circuit Court in and for Hendry County, Florida, on March 24, 2005, by Wilcoxson against defendants Omni Insurance Company (Omni) and Narez. Plaintiff seeks a declaratory judgment (Count I) that Omni had a duty to defend plaintiff in the state lawsuit brought by Narez against plaintiff wherein Narez was awarded $40,000,000.00 in compensatory and punitive damages; that the duty now requires Omni to satisfy the $40,000,000.00 judgment entered in favor of Narez; and that Narez is a third-party beneficiary of the insurance policy as a judgment creditor. (Doc. #2, ¶¶ 28, 38). In Count II, plaintiff alleges a breach of contract against defendant Omni based on the subject insurance policy. (Id. at ¶¶ 38-49).

Defendant Omni removed the case to federal court based on diversity jurisdiction. Plaintiff and defendant Narez seek a remand to state court because both are citizens of Florida and therefore complete diversity is lacking. The Notice of Removal (Doc. #1) recognized that the presence of Narez destroyed complete diversity, but contended that Narez was fraudulently joined or, in the alternative, should be realigned as a plaintiff so that his citizenship is irrelevant. Omni argues that both plaintiff and

defendant Narez have a shared interest in the outcome of this litigation, and have entered into a fee-sharing agreement whereby the proceeds from the suit against Omni would be shared by the attorneys. The Amended Agreed Motion to Approve Plaintiff's Modified Attorney Fee Schedule, filed in the underlying state civil case by Narez against Wilcoxson, provided in relevant part:

> [Narez] and undersigned counsel believe that it is in his best interest to permit [plaintiff], as the insured, to pursue the claims against the carrier, for the benefit of [Narez].

(Doc. #1, Ex. C, ¶ 4).

## II.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Riley v. Merrill Lynch, Pierce, Fenner & Smith, 292 F.3d 1334, 1337 (11th Cir.), cert. denied, 537 U.S. 950 (2002). The party seeking to invoke federal jurisdiction bears the burden

of establishing the jurisdiction of the federal court. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n. 4 (11th Cir. 1998).

Generally, all defendants are required to join in the removal. Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001)(collecting cases). "However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal," and the issue of whether a party is nominal is a case-by-case basis determination. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970).[1] Additionally, even properly joined parties may be realigned to reflect their real interests in the case, and jurisdiction is evaluated based upon the citizenship as re-aligned. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941); Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 622-23 (2nd Cir. 1994); Truck Ins. Exch. v. Ashland Oil, Inc., 951 F.2d 787, 788-89 (7th Cir. 1992).

The Court concludes that defendant Narez is not improperly joined, but must be re-aligned with plaintiff. It is clear in this case that defendant Narez is a nominal party whose real interests in this case are with plaintiff, not defendant insurance company.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff does not have any viable claim <u>against</u> Narez that would not be barred as res judicata, since the underlying state action has been resolved. The real interest of both plaintiff and Narez is to have the civil judgment paid by the insurance company. Additionally, the insured and victim or injured party are commonly on the same side of these types of disputes and on the opposite side of the insurer. <u>See</u> <u>Swindal v. Prudential Prop. & Cas. Ins. Co.</u>, 622 So. 2d 467 (Fla. 1993); <u>Higgins v. State Farm Fire & Cas. Co.</u>, 894 So. 2d 5 (Fla. 2004); <u>State Farm Fire & Cas. Co. v. Tippett</u>, 864 So. 2d 31 (Fla. 4th DCA 2003); <u>Allstate Indem. Co. v. Wise</u>, 818 So. 2d 524 (Fla. So. 2d DCA 2001); <u>Allstate Ins. Co. v. Conde</u>, 595 So. 2d 1005 (Fla. 5th DCA 1992); <u>Castro v. Allstate Ins. Co.</u>, 724 So. 2d 133 (Fla. 3d DCA 1998); <u>State Auto Mut. Ins. Co. v. Scroggins</u>, 529 So. 2d 1194 (Fla. 5th DCA 1988). As re-aligned, complete diversity exists and the Court does have jurisdiction over this matter.

Accordingly, it is now

**ORDERED**:

Defendant Hector Narez's Motion for Remand to State Court (Doc. #13) and plaintiff's Motion to Remand (Doc. #23) are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of June, 2005.

JOHN E. STEELE
United States District Judge